IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br>    vs.<br>JEREMIAH SANTOS ISEZAKI,<br><br>            Defendant. | CRIMINAL CASE NO. 12-00025<br><br>**ORDER** |

This matter is before the court on the Defendant's Motion for a Judgment of Acquittal after Jury Verdict or Discharge. *See* Mot., ECF No. 58. The Defendant contends that the evidence presented at trial was insufficient to sustain a conviction for felon in possession of a firearm. For the reasons set forth below, the motion is **DENIED**.

**I.     BACKGROUND**

On April 11, 2012, the Defendant was indicted on Count I, Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *See* Indictment, ECF No. 1.

The case proceeded to trial on June 12, 2012. At the close of the Government's case, the Defendant moved the court for a judgment of acquittal pursuant to FED. R. CRIM. P. 29(a). *See* Min., ECF No. 45. The court found that the evidence was sufficient to sustain conviction on the count charged in the Indictment and denied the motion. At the close of all the evidence, the Defendant renewed his motion, which this court also denied. *Id.*

1

## II.  DISCUSSION

The Defendant now moves this court for judgment of acquittal pursuant to FED. R. CRIM. P. 29(c).[1] *See* Mot., ECF No. 58.

After the return of a guilty verdict and upon motion of a defendant, the court may set aside the verdict and enter an acquittal if the "evidence is insufficient to sustain a conviction." FED. R. CRIM. P. 29. To determine whether the evidence is sufficient to sustain a conviction, the court must "construe the evidence 'in the light most favorable to the prosecution,' and only then determine whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Nevils*, 598 F.3d 1158, 1161 (9th Cir. 2010) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). *See also United States v. Meredith*, 685 F.3d 814, 819 (9th Cir. 2012). Moreover, the jury's exclusive function is to "determine the credibility of the witnesses, resolve evidentiary conflicts and draw reasonable inferences from proven facts." *United States v. Nelson*, 419 F.2d 1237, 1241 (9th Cir. 1969). "Circumstantial evidence and inferences drawn from it may be sufficient to sustain a conviction." *United States v. Reyes-Alvarado*, 963 F.2d 1184, 1188 (9th Cir. 1992).

In the present motion, the Defendant challenges the sufficiency of the evidence. *See* Mot., ECF No. 58. Defendant argues that there was insufficient evidence presented to the jury to prove he was a felon in possession of a firearm. *Id.*

In order for the Defendant to be found guilty of Count I, Felon in Possession of a Firearm, the court instructed the jury that the Government had to show beyond a reasonable doubt, that: (1) the defendant knowingly possessed a Colt 45 pistol, Serial number 281587-C; (2) the Colt 45 pistol, Serial Number 281587-C had been shipped or transported from one state to the territory of Guam; and (3) at the time the defendant possessed the Colt 45 pistol, Serial

---

[1] It should be noted that despite a briefing schedule issued by this court on August 16, 2012, the Defendant did not submit a reply to the Government's opposition. *See* Order, ECF No. 66.

Number 281587-C the defendant had been previously convicted of a crime punishable by imprisonment for a term exceeding one year, prior to January 30, 2012. *See* Ct.'s Inst. No. 13, ECF No. 47.

Element 3 is not an issue in this case. The parties stipulated that "prior to January 30, 2012, the defendant was convicted of a crime punishable by imprisonment for a term exceeding one year." *See* Stip., ECF No. 46. Thus, the only issues are Elements 1 and 2.

### a. Element 1: The Defendant knowingly possessed a Colt 45 pistol, Serial Number 281587-C

The court defined "possession" to mean "[a] person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it." *See* Ct.'s Inst. No. 12, ECF No. 47. The court also instructed the jury that the definition of "knowingly" means "[a]n act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly." *See id.*, No. 15, ECF No. 47.

During the trial, the Government presented two witnesses who testified that they either saw the satchel containing the firearm on Defendant's person and/or within the reach of the Defendant. Guam Police Department ("GPD") Officer Raymond Aguon Charfauros testified that during the motorcycle chase, when they were trying to "box him [the Defendant] in" at the parking lot of a video store, Officer Charfauros spotted the Defendant with a satchel on his right side. Officer Charfauros further testified that when he found the Defendant in the jungle thereafter, the Defendant was lying down on the ground and near him was the satchel. After the Defendant was cuffed, Officer Charfauros inspected the satchel wherein he found a firearm wrapped in a blue towel. As part of GPD's confiscation procedure, Officer Charfauros noted the model of the firearm—Colt 45 pistol, Serial Number 281587-C—on the evidence/property

3

custody receipt. The satchel and the firearm were admitted into evidence during trial without objection.

GPD Officer Eddie B. Tiamzon testified that he witnessed the Defendant sitting in the jungle area and also witnessed Officer Charfauros pick up a green satchel that was within arm's reach of the Defendant. When Officer Charfauros opened the satchel in Officer Tiamzon's presence for inspection, Officer Tiamzon testified that it contained the Colt 45 pistol, Serial Number 281587-C.

During the trial, Defense counsel pointed out that the items seized that evening, including the firearm itself, were not sent to a crime laboratory for fingerprinting. In addition, counsel criticized GPD officers for their failure to interview Mr. Flores whose identification card was found in the backpack[2] and to interview the residents that were in the surrounding area of the jungle where the Defendant was found and arrested. Further, defense counsel cautioned the jury to consider the following inconsistencies: (1) Officer Charfauros stated during direct examination that the Defendant was holding a cellular phone on his left hand, but in a previous statement made by Officer Charfauros, he indicated that the phone was on Defendant's right hand;[3] and (2) Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") Task Force Officer Raymond Joseph Blas indicated in his report that the firearm was found in the backpack, whereas GPD Officers Tiamzon and Charfauros testified that the firearm was found in the satchel.[4]

---

[2] The backpack is separate from the satchel bag that the Defendant was carrying during the motorcycle chase and when apprehended in the jungle.

[3] Officer Charfauros reconciled the inconsistency by explaining that the phone was initially on Defendant's left hand but later switched the phone to his right hand prior to dropping it on the ground.

[4] Officer Blas admitted that he made a mistake when he wrote the report. Officer Blas himself was not present during the motorcycle chase or when the Defendant was apprehended in the jungle. Officer Blas wrote his report by reviewing the GPD report and inadvertently made the mistake of stating that the firearm was found in the backpack rather than the satchel.

4

The Ninth Circuit in *Nevils* stated that "the government does not need to rebut all reasonable interpretations of the evidence that would establish the defendant's innocence, or 'rule out every hypothesis except that of guilt beyond a reasonable doubt.'" 598 F.3d at 1164 (quoting *Jackson*, 443 U.S. at 326). This court instructed the jury that "[p]roof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is *not required* that the government prove guilt beyond *all* possible doubt." *See* Ct.'s Inst. No. 5, ECF No. 47 (emphasis added).

Based on the testimony presented by the Government, there is sufficient evidence that the Defendant knowingly possessed a Colt 45 pistol, Serial Number 281587-C. During the motorcycle chase, Officer Charfauros saw the satchel on Defendant's person. Later that evening when the Defendant was on the ground in the jungle, Officers Charfauros and Tiamzon saw the satchel near the Defendant, within his reach. Upon inspection of the satchel, Officer Charfauros discovered the firearm. Viewing the evidence in the light most favorable to the Government, any rational trier of fact could have found that the Defendant was in possession of a firearm.

### b. Element 2: The Colt 45 pistol, Serial Number 281587-C had been shipped or transported from one state to the territory of Guam

An expert witness,[5] ATF Task Force Officer John Quintanilla, testified that the Colt 45 pistol, Serial Number 281587-C, was manufactured in Hartford, Connecticut and as such, the firearm was shipped or transported to Guam. Officer Quintanilla also stated that there are no gun manufacturers in Guam. Officer Quintanilla's testimony was based on his expertise after conducting a trace and research on the firearm.

---

[5] The court declared Mr. Quintanilla as an expert witness pursuant to FED. R. CRIM. P. 702. *See* Min., ECF No. 45.

In addition, the court instructed the jury that an "expert witness" is one "who, because of his education or experience, was permitted to state opinions and the reasons for his opinions. Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case." *See* Ct.'s Inst. No. 9A, ECF No. 47.

Viewing the evidence in the light most favorable to the Government, any rational trier of fact could have found that the Colt 45 pistol, Serial Number 281587-C, was shipped or transported from one state to the territory of Guam.

### III. CONCLUSION

The court finds that the Government presented evidence sufficient to support a jury's guilty verdict on Count I – Felon in Possession of a Firearm. Accordingly, the court **DENIES** the Defendant's motion.

Responses to the Draft Presentence Report shall be filed by October 24, 2012. The due date for the Final Presentence Report and the Sentencing Date as previously ordered by this court remain the same. *See* Order, ECF No. 72.

**IT IS SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
  **Chief Judge**
**Dated: Oct 10, 2012**